OPINION
Appellant Bank One Trust Company appeals a judgment of the Muskingum County Common Pleas Court dismissing its third-party complaint against appellee First National Bank of Zanesville:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN GRANTING FIRST NATIONAL BANK OF ZANESVILLE'S MOTION FOR SUMMARY JUDGMENT BASED UPON REVISED CODE § 1304.34.
 II. THE TRIAL COURT ERRED IN FAILING TO OVERRULE FIRST NATIONAL BANK OF ZANESVILLE'S MOTION FOR SUMMARY JUDGMENT BASED UPON OHIO REVISED CODE § 1303.49(A).
 III. THE TRIAL COURT ERRED IN FAILING TO OVERRULE FIRST NATIONAL BANK OF ZANESVILLE'S MOTION FOR SUMMARY JUDGMENT BASED UPON OHIO REVISED CODE § 1304.09.
Lori Ann Hagar was born with cerebral palsy. Doris Ann Hagar Hunt is Lori's mother. Thomas Sands is an attorney who represented the Hagars in a medical malpractice lawsuit. After money was recovered in that lawsuit on behalf of Lori Ann, a guardianship account was established with appellant. Appellant and Doris Hunt are co-guardians of the guardianship estate.
Thomas Sands forged court entries and other pleadings to obtain disbursements from the guardianship account. The checks were written by appellant, and were written on the guardianship account with appellant. The checks were made out to Doris Hunt as guardian. Thomas Sands then forged endorsements on the checks, and deposited them in his account with appellee.
Appellant filed a third-party complaint alleging that appellee breached presentment warranties pursuant to R.C. 1304.17
and R.C. 1304.18, by paying over forged endorsements on six checks, totaling $160,256.51.
Appellee filed a motion for summary judgment. Appellant responded, conceding that two of the checks were not forged. However, appellant disputed the summary judgment as to the other four checks.
The court granted summary judgment, dismissing the third-party complaint. The court concluded that appellant was a customer of appellee, and any claim for the forged checks was extinguished when appellant held the checks in its possession for over one year, without providing notice to appellee that the checks were forged, as required by R.C. 1304.35(F).
 I.
Summary judgment is appropriate if there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
The trial court found that appellant was a customer of appellee as defined by R.C. 1304.01(A)(5):
 (5) "Customer" means a person having an account with a bank or for whom a bank has agreed to collect items, including a bank that maintains an account at another bank.
Having concluded that appellant was a customer of appellee, the court concluded that appellant did not discover and report the unauthorized signature within one year, and therefore, is barred from recovering for breach of warranty:
 (C) If a bank sends or makes available a statement of account or items pursuant to division (A) of this section, the customer must exercise reasonable promptness in examining the statement or the items to determine whether any payment was not authorized because of an alteration of an item or because a purported signature by or on behalf of the customer was not authorized. If, based on the statement or items provided, the customer should reasonably have discovered the unauthorized payment, the customer must promptly notify the bank of the relevant facts.
. . . .
 (F) Without regard to care or lack of care of either the customer or the bank, a customer who does not within one year after the statement or items are made available to the customer discover and report his unauthorized signature on or any alteration on the item is precluded from asserting against the bank the unauthorized signature or alteration, if there is a preclusion under this division, the payor bank may not recover for breach of warranty under section 1304.28 of the Revised Code with respect to the unauthorized signature or alteration to which the preclusion applies.
R.C. 1304.35(C), (F).
In its capacity as co-guardian of the estate, appellant was a customer as defined in R.C. 1304.02(A)(5). However, appellant was not a customer of appellee. Rather, appellant was a customer of its own bank. The guardianship account was with Bank One, not with First National Bank of Zanesville.
Appellant did not become a customer of appellee by virtue of the fact that Thomas Sands cashed and deposited the check with appellee. If "A" writes a check to "B", on "A's" account with bank "C", and "B" deposits the check in his account at bank "D", "A" does not become a customer of bank "D", but is a customer of bank "C".
In addition, R.C. 1304.35(F) applies by its terms to the reporting of the customer's unauthorized signature, or to any alteration on the item. In the instant case, there was no alteration to the item. In addition, the unauthorized signature was not that of appellant, but rather was the unauthorized signature of the payee, Doris Hagar Hunt.
The first Assignment of Error is sustained.
 II. III.
Appellant argues that the court erred in failing to overrule appellee's motion for summary judgment on two additional grounds. The court did not address these grounds, as the court sustained the motion for summary judgment based on R.C. 1304.35. Appellee does not argue by way of cross-assignment that the court should have granted the summary judgment based on these additional grounds. Therefore, having reversed the summary judgment, we do not reach these additional Assignments of Error, which are of no consequence to our decision.
The second and third Assignments of Error are overruled.
The summary judgment of the Muskingum County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law.
By: Reader, J., Farmer, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the summary judgment of the Muskingum County Common Pleas Court is reversed. This case is remanded to that court for further proceedings according to law. Costs to appellee.